IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ALTON MILLER                                                                                   PLAINTIFF

V.                          CASE NO. 3:19-CV-67-DPM-BD

KEITH BOWERS, *et al*.                                            DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.**      **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Mr. Miller may file written objections to this Recommendation if he disagrees with its findings or conclusions. Objections should be specific and should include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Miller may waive the right to appeal questions of fact.

**II.**      **Discussion**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints that seek relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). Before ordering service of process, the Court is obligated to dismiss claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from

paying damages. 28 U.S.C. § 1915A(b). In screening the complaint, the Court will assume the truth of the Mr. Miller's allegations.

Mr. Miller, an inmate at the Craighead County Detention Center ("Detention Center"), filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) He alleges that a fellow inmate (or inmates) stole money from his jail trust account. His claims that the Defendants, who are all Detention Center employees, violated his rights by failing to investigate the wrong and prosecute the wrongdoers. For relief, he seeks internal and external investigations into the theft and asks that the thieves be "tracked down . . . and charged." He also requests punitive damages. (#1, p.4)

The Court will assume that Mr. Miller's allegations are true. Even so, there is no precedent establishing an inmate's federal constitutional or statutory right to an internal prison investigation. See 42 U.S.C. § 1983; *Gatlin ex rel Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (providing that a § 1983 claim must be based upon an alleged violation of a federal constitutional or statutory right).

Furthermore, Mr. Miller lacks standing to initiate state court criminal charges against another individual. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another); and *Anguiano v. Dallas County Jail Under Sheriff*, 590 Fed. Appx. 652 (8th Cir. 2015) (unpub.) (per curiam) (plaintiff lacked standing to seek criminal charges against jail guards). Mr. Miller seeks relief federal courts cannot provide.

## III.     Conclusion

Mr. Miller's claims should be DISMISSED, without prejudice. In addition, this dismissal should constitute a "strike" for purposes of 28 U.S.C. § 1915(g), and the Court should certify that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

DATED, this 11th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE